**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5672-16T1

NANCY URIBE,

    Plaintiff-Respondent,

v.

JOSE URIBE,

    Defendant-Appellant.

_____

Argued October 31, 2018 - Decided  November 21, 2018

Before Judges Fuentes, Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0642-15.

Toni Ann Russo argued the cause for appellant.

Armando R. Horta argued the cause for respondent (The Horta Law Group, LLC, attorneys; Armando R. Horta, of counsel and on the brief).

PER CURIAM

Defendant Jose Uribe appeals from an April 21, 2017 post-judgment order denying his motion to reduce his child support payments and an August 4, 2017 order denying his request for reconsideration. Because we find no error in the trial court's rulings, we affirm.

Defendant was divorced from plaintiff Nancy Uribe in March 2016 after an eleven-year marriage. The parties entered into a marital settlement agreement, incorporated into their judgment of divorce, in which they agreed defendant would pay non-guidelines support of $441 weekly for the only child of the marriage, their ten-year-old daughter.

Three months after entry of the judgment, defendant, representing himself, sought a downward modification in his child support. Noting "the ink is not even dry yet" on the documents, the court denied the motion, finding defendant's application procedurally deficient and substantively without merit because defendant failed to demonstrate changed circumstances.

Six months later, defendant, now represented by counsel, moved again to modify his child support. In a certification in support of the motion, he claimed to have lost his job shortly after the divorce and moved back to his family's farm in Peru, where there was no work for him. Defendant also claimed that since he was last before the court, his support obligation for another child in Peru, whom

he claimed was "neurologically and cognitively disabled," increased to $138 a week. He accordingly requested that his support for the parties' child be decreased to $136 per week.

Plaintiff opposed the motion, claiming it was again deficient for failing to provide evidence documenting defendant's claims and did not demonstrate changed circumstances. Specifically, plaintiff claimed defendant refused to provide anywhere near complete financial information when they were litigating their divorce and insisted he was unemployed at the time the judgment was entered. She noted their marital settlement agreement specifically provided that the amount of the child support was "based on the combination of [defendant's] current income, including unemployment, and other monies and assets available to him." Plaintiff maintained defendant could not show changed circumstances based on losing his job when he claimed to be unemployed when they were divorced.

Plaintiff further maintained defendant owned businesses in Peru, including the family farm, and asserted his motion only continued his pattern of making claims about his finances not supported by competent evidence. Regarding defendant's claim of increased support for his son in Peru, born during the parties' marriage, plaintiff contended defendant "was already in

3

[c]ourt in Peru" on that issue during the parties' divorce and was thus well aware of his obligations to his son when he entered into the marital settlement agreement setting support for their daughter.

After hearing argument, the trial court denied defendant's motion to modify his child support. The court initially noted that several documents submitted in support of the motion had not been translated from the original Spanish. Comparing the case information submitted on the motion to the last one defendant filed prior to the entry of divorce, the court concluded defendant could not establish changed circumstances, because in 2015 defendant "had limited income and he continues to have limited income."

The court further found that defendant failed to explain the circumstances surrounding his support order in Peru, but noted plaintiff appeared correct that the child "existed at the time of the divorce" and thus could not constitute a change in circumstances. The court took pains, however, to note it was denying the motion without prejudice, making clear that should defendant "be able to present his documents in a cogent manner with back up, then of course he's free to re-file at any point in time as he sees fit." Finding plaintiff was caused to incur attorney's fees for defending a motion based on "too much speculation and

4

too few facts," the court, after applying the applicable factors in R. 5:3-5, awarded plaintiff fees of $5030.49.

Defendant did not re-file the motion supported by competent evidence as suggested by the court. Instead, he moved for reconsideration, presenting translations of some of the documents previously submitted and arguing his child support obligation for his son in Peru "was not considered in the present calculation of support because [his] attorney failed to take it into consideration." The court denied the motion without argument and awarded plaintiff an additional $3500 in fees for having to defend it, explaining "[t]he information now sought to be introduced was available at the time the original [m]otion was argued . . . and [was] available to the defendant for submission at that time."

Defendant appeals, reprising the arguments he made on reconsideration, namely that he demonstrated a change in circumstances that should have warranted a downward modification of his support or a plenary hearing, and that the court erred in awarding plaintiff her counsel fees. We disagree.

A review of the record makes plain defendant failed to submit competent evidence on the motion, including but not limited to the court order from Peru, to which no apostille or other proof of genuineness was affixed, see N.J.R.E. 902(c) (addressing authentication of foreign public documents), necessary to

5

permit relief. Further, the law is clear that reconsideration is not designed to permit a disappointed party to supply additional information available to the party when the motion was originally heard. Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 175-76 (App. Div. 2005). Accordingly, we cannot find the trial court erred in denying defendant's motions or in awarding plaintiff her fees, see Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (noting an award of counsel fees is committed to the court's sound discretion, which will not be reversed absent an abuse of discretion).

We affirm the orders under review, substantially for the reasons expressed by Judge Bottinelli in the opinion he delivered from the bench on April 21, 2017 and the statement of reasons appended to the order of August 4, 2017, denying reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5672-16T1